NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUZANNE BESSENT RICHARDSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3130

---

Petition for review of the Merit Systems Protection Board in No. AT-0841-15-0189-I-1.

---

Decided: December 15, 2015

---

SUZANNE BESSENT RICHARDSON, Friendship, TN, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before PROST, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Suzanne Bessent Richardson was a Federal Employees Retirement System ("FERS") disability annuitant. When she turned 62, her disability annuity ceased and she began receiving a FERS retirement annuity. Ms. Richardson challenged the computation of her retirement annuity, asserting to the Office of Personnel Management ("OPM") that two periods of her service were not included in her annuity computation. OPM rejected Ms. Richardson's challenge, initially and on reconsideration, and Ms. Richardson appealed to the Merit Systems Protection Board ("Board"). The Board sustained OPM's rejection of Ms. Richardson's challenge, *Richardson v. Office of Personnel Management*, Docket No. AT-0841-15-0189-1-I (March 20, 2015), and Ms. Richardson timely petitioned this court for review of the Board's final decision. For the reasons stated below, we *affirm*.

## BACKGROUND

### A. Proceedings in front of the OPM.

Ms. Richardson asserted to OPM that her annuity computation should include service with the Department of Labor from January 24, 1983[1] to March 10, 1984 ("DOL service"), and include further service with the Veterans Administration from August 21, 2000 to March 10, 2001

---

[1]    There appears to be some confusion in the record as to the precise starting date of Ms. Richardson's Department of Labor service. However, because Ms. Richardson took a refund of the retirement contributions for that time, the precise starting date is of no import. We therefore use the date relied on by OPM and the Board in the proceedings below.

("VA service"). OPM explained in its July 25, 2014 final decision that, with regard to the first asserted period of service, Ms. Richardson had taken a refund of the retirement contributions for that time. When offered the opportunity to repay the necessary deposit, Mrs. Richardson declined. In electing not to repay the deposit, Ms. Richardson voided all annuity rights to that period of service.

With regard to the second period of service, OPM explained that she served in that specific time under a temporary appointment pursuant to which no retirement deductions were taken from her salary, and the law does not permit after-the-fact deposits to be made for service performed on or after January 1, 1989. Thus, as with the previous period of service, Ms. Richardson could point to no deposits that would entitle her to credit for that time in her annuity computation. Consequently, because the law did not permit OPM to treat either of the two specified periods of service as qualifying for inclusion in computation of a retirement annuity, OPM rejected Ms. Richardson's request for recomputation of her retirement annuity.

## B. Proceedings in front of the Board.

Before the Board, Ms. Richardson repeated her argument that she should be entitled to recomputation of her retirement annuity based on the two periods of service described above. Repeating the correct legal analysis stated by OPM, the Administrative Judge ("AJ") explained that without deposits having been made for the periods of service in question, Ms. Richardson is not entitled to consideration of those periods in the calculation of her retirement annuity.

The AJ also referred to two matters that Ms. Richardson had not presented to OPM in her request for recalculation of her retirement annuity. First, Ms. Richardson argued to the AJ that she is entitled to recalculation based on creditable service for other periods of time.

Because OPM only addressed the two specific time periods described above, and not the other times to which Ms. Richardson made reference to the AJ, and because the AJ's prehearing summary referred to those two periods as the only ones reviewable in Ms. Richardson's appeal, the AJ declined consideration of the additional periods of service. The AJ did, however, expressly state that with regard to any such additional periods, Ms. Richardson is entitled to return to OPM and raise those dates with it. And, if OPM refuses to credit any such additional periods of service, the AJ noted that Ms. Richardson may file a separate appeal to the Board challenging OPM's refusal.

Second, the AJ noted that Ms. Richardson challenged OPM's calculation of her "high 3" salary level, for purposes of her retirement annuity. The AJ noted that Ms. Richardson had not raised that issue at the prehearing conference, nor in her reconsideration request to OPM. Consequently, the AJ declined to consider Ms. Richardson's contention that her "high 3" salary level was incorrectly computed. But, as with the issue of additional periods of service, the AJ expressly noted that Ms. Richardson is free to raise the issue of her "high 3" salary level upon return to OPM, and to appeal to the Board from any adverse decision by OPM on the issue.

Because no deposits were made to cover the two specific periods of time before OPM and the Board, the AJ ruled Ms. Richardson ineligible as a matter of law to inclusion of those periods in her annuity retirement calculation. The decision of the AJ became the final decision of the Board, and Ms. Richardson timely sought review in this court.

## DISCUSSION

Our review authority over a final decision of the Board is limited by statute. We may only upset such a final decision if we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accord-

ance with law, or depending upon factual findings unsupported by substantial evidence. 5 U.S.C. 7703(c); *Frey v. Dep't of Labor*, 359 F.3d 1355, 1359 (Fed. Cir. 2004).

Before this court, Ms. Richardson refers to a letter to a local congressman stating that she had no record of withdrawing deposits relating to her DOL service and not paying them back. But she does not challenge the record evidence which shows that she applied for the refunds and OPM offered her the opportunity of redeposit. Substantial evidence supports the Board's finding that she withdrew and did not redeposit the sums associated with the DOL service. Further, Ms. Richardson does not challenge the law as applied by OPM and the Board with regard to her VA service: there is no entitlement to recomputation regarding time for which no deposits exist.

Ms. Richardson argues that the Board should have considered both the additional time of service that she claims was overlooked in computing her creditable years of service, and her claim to recomputation of her "high 3" salary level. As the Board noted, these matters were not properly before the Board for consideration. But, as also noted, Ms. Richardson is entitled to return to OPM to seek both addition of other creditable time and revision of her high 3 salary level. We express no view on the merits of her contentions on those two issues. Whether the official records support her assertions is a matter for consideration first by OPM, and then by the Board should Ms. Richardson be dissatisfied with OPM's reconsideration decision on those two issues.

Because the final decision of the Board is based on substantial evidence and the correct application of the law to the facts, we *affirm* the final decision.

## AFFIRMED

### COSTS

No Costs.